IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

Case No.: 4:19-cv-32

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MAURICE CAPPS INVESTMENT COMPANY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION**

Plaintiff, Nautilus Insurance Company ("Nautilus"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, hereby files this Complaint seeking Declaratory Judgment against Defendant Maurice Capps Investment Company ("MCIC"), for purposes of determining a question of actual, immediate controversy between the parties. Nautilus respectfully shows the Court as follows:

**PARTIES**

1. At all pertinent times to this action, Nautilus was, and still is, a company organized and existing under the laws of the State of Arizona with its principal place of business in Scottsdale, Arizona.

2. Upon information and belief, Defendant MCIC is a business corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Onslow County, North Carolina.

3. Nautilus issued Policy No. NN581331 for the period July 1, 2015 to July 1, 2016 ("15-16 Policy"), with MCIC as the Named Insured.[1] A copy of the 15-16 Policy is attached hereto as **Exhibit "A."**

4. Nautilus issued Policy No. NN693667 for the period July 1, 2016 to July 1, 2017 ("16-17 Policy"), with MCIC as the Named Insured. A copy of the 16-17 Policy is attached hereto as **Exhibit "B."**

5. Nautilus issued Policy No. NN831878 for the period July 1, 2017 to July 1, 2018 ("17-18 Policy"), with MCIC as the Named Insured. A copy of the 17-18 Policy is attached hereto as **Exhibit "C."**

6. Nautilus issued Policy No. NN950383 for the period July 1, 2018 to October 1, 2018 ("2018 Policy"), with MCIC as the Named Insured. A copy of the 2018 Policy is attached hereto as **Exhibit "D."** (The 15-16 Policy, 16-17 Policy, 17-18 Policy, and 2018 Policy are referred to collectively herein as the "Subject Policies.")

7. As originally issued, the Subject Policies would have provided commercial property insurance, subject to certain terms, conditions, limitations, and exclusions, for seven (7) buildings located at 246 Wilmington Highway, Jacksonville, North Carolina (the "Property"). The Property was operated as a hotel known as the Triangle Motor Inn.

8. MCIC filed a claim for damages to the Property allegedly suffered on or around September 13, 2018 during Hurricane Florence ("Florence Claim").

---

[1] The exact named insured on all the policies at issue is "Maurice G. Capps Investment Company Inc." However, representatives have testified and the North Carolina Secretary of State website indicates that the true legal name of the entity apparently intended to be listed on the policies is "Maurice Capps Investment Company."

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Plaintiff and the Defendant and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees and costs.

10. Venue is proper in the United States District Court for the Eastern District of North Carolina, New Bern Division, because the Defendant resides in this District and because the Property that is the subject of this action is located in this District.

## NATURE OF CLAIM

11. This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, for the purpose of determining the rights and obligations, if any, of the parties arising from insurance contracts (the Subject Policies) issued by Nautilus to MCIC, including specifically whether the Subject Policies are void.

12. An actual, present, and existing controversy exists among the parties to this lawsuit regarding the rights and obligations, if any, of the parties under the Subject Policies.

13. All conditions precedent to the filing of this action have been performed or have occurred.

14. By way of this Complaint, Nautilus seeks a declaratory judgment that Nautilus was and is within its rights to rescind the Subject Policies due to material misrepresentations by MCIC on the applications for insurance submitted to Nautilus.

15. Nautilus reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## THE APPLICATIONS

16. On or about July 22, 2015, MCIC, through its agent The Insurance Center, submitted a "Commercial Insurance Application" (the "2015 Application") to Nautilus. A copy of the 2015 Application is attached hereto as **Exhibit "E."**

17. On or about July 7, 2016, MCIC, through its agent The Insurance Center, submitted a "Commercial Insurance Application" (the "2016 Application") to Nautilus. A copy of the 2016 Application is attached hereto as **Exhibit "F."**

18. On or about June 19, 2017, MCIC, through its agent The Insurance Center, submitted a "Commercial Insurance Application" (the "2017 Application") to Nautilus. A copy of the 2017 Application is attached hereto as **Exhibit "G."** (The 2015 Application, 2016 Application, and 2017 Application are referred to collectively herein as the "Applications.")

19. In the "Premises Information" section of the each of the Applications, MCIC represented, with respect to each of the seven (7) buildings at the Property, that its interest was that of an "Owner," as opposed to that of a "Tenant."

20. Based upon the Applications, and in reliance on the material representations therein, Nautilus issued the Subject Policies to MCIC.

## COUNT I – DECLARATORY JUDGMENT FOR RESCISSION

21. Nautilus adopts and incorporates by reference all the allegations contained in Paragraphs 1 through 20 as though fully set forth herein.

22. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Nautilus seeks a declaratory judgment that Nautilus was and is within its rights to rescind the Subject Policies based upon MCIC's material misrepresentations in the Applications for the Subject Policies and that Nautilus thus does not have any obligations with respect to the Florence Claim. Such a

declaration will confer certainty on the parties with respect to their rights and obligations under the Subject Policies, including whether the Subject Policies are void, and will therefore serve the interests of justice.

23. In the Applications, MCIC specifically represented that it was the "Owner" of the seven (7) buildings at the Property.

24. Nautilus relied upon and was influenced by these representations in the Applications in evaluating the risk of issuing the Subject Policies and fixing the rates of the premiums under the Subject Policies.

25. After MCIC's submission of the Florence Claim, Nautilus learned that MCIC was not in fact the owner of the Property.

26. At the time each of the Applications was submitted, MCIC did not own any of the seven (7) buildings at the Property.

27. MCIC did not own any of the buildings at the Property at any point during the policy periods of any of the Subject Policies.

28. In fact, MCIC was a sub-tenant of the Property at the time each of the Applications was submitted to Nautilus and at the time of the alleged damage to the Property.

29. If, at the time of each of the Applications, Nautilus had known that MCIC did not own the Property, but rather was a sub-tenant of the Property, Nautilus would not have issued any of the Subject Policies.

30. Nautilus contends it is entitled to rescind the Subject Policies pursuant to applicable law.

31. Nautilus has notified MCIC by written letter that it has rescinded the Subject Policies, and Nautilus has refunded to MCIC the full gross premium for each of the Subject

Policies and has paid MCIC statutory interest of eight percent (8%) annually for each refunded premium.

WHEREFORE, Plaintiff Nautilus prays that this Honorable Court:

(a) Enter a declaratory judgment declaring that Plaintiff, Nautilus, was entitled to rescind the 15-16 Policy, and thus that the 15-16 Policy is void ab initio;

(b) Enter a declaratory judgment declaring that Plaintiff, Nautilus, was entitled to rescind the 16-17 Policy, and thus that the 16-17 Policy is void ab initio;

(c) Enter a declaratory judgment declaring that Plaintiff, Nautilus, was entitled to rescind the 17-18 Policy, and thus that the 17-18 Policy is void ab initio;

(d) Enter a declaratory judgment declaring that Plaintiff, Nautilus, was entitled to rescind the 2018 Policy, and thus that the 2018 Policy is void ab initio;

(e) Enter a declaratory judgment declaring that as the 2018 Policy is void ab initio, no coverage exists for any damages MCIC sustained as a result of Hurricane Florence, and thus Plaintiff, Nautilus, owes no further payments to MCIC;

(f) Award Plaintiff, Nautilus, the costs of this action; and

(g) Award any other relief the Court deems just and proper.

Respectfully submitted this the 8th day of March, 2019.

                                      s/Kevin M. O'Brien
                                      Kevin M. O'Brien
                                      N.C. State Bar No. 44626
                                      Anna Pulliam Cathcart
                                      N.C. State Bar No. 49691
                                      Phelps Dunbar LLC
                                      4140 ParkLake Avenue, Suite 100
                                      Raleigh, North Carolina 27612
                                      kevin.obrien@phelps.com
                                      anna.cathcart@phelps.com
                                      Phone: (919) 789-5300
                                      Fax: (919) 789-5301

                                      *Attorneys for Plaintiff Nautilus Insurance Company*