IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No.: 7:19-cv-47-H

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MAURICE CAPPS INVESTMENT COMPANY, TRIANGLE REALTY OF JACKSONVILLE, LLC, GAIL MORGAN BUTLER, CAROLYN MORGAN BLACKMON, CAROLYN MORGAN BLACKMON as trustee of THE CAROLYN MORGAN BLACKMON REVOCABLE TRUST DATED DECEMBER 22, 1977 and as amended and restated from time to time thereafter, and FIRST-CITIZENS BANK & TRUST COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| MAURICE CAPPS INVESTMENT COMPANY, | ) |
| | ) |
| Third-Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM S. WILLIS and LANCASTER McADEN, WILLIS SMITH COMPANY, THE INSURANCE CENTER, | ) |
| | ) |
| Third-Party Defendants. | ) |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION

Plaintiff, Nautilus Insurance Company ("Nautilus"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, hereby files this Amended Complaint seeking Declaratory Judgment against Defendants Maurice Capps Investment Company ("MCIC"), Triangle Realty of Jacksonville, LLC ("Triangle"), Gail Morgan Butler ("Butler"), Carolyn Morgan Blackmon ("Blackmon"), Carolyn Morgan Blackmon as trustee of the Carolyn Morgan Blackmon Revocable Trust dated December 22, 1977 and as amended and restated from time to time thereafter ("Blackmon Trust"), and First-Citizens Bank & Trust Company ("First Citizens"), for purposes of determining a question of actual, immediate controversy between the parties. Nautilus respectfully shows the Court as follows:

## PARTIES

1. At all pertinent times to this action, Nautilus was, and still is, a company organized and existing under the laws of the State of Arizona with its principal place of business in Scottsdale, Arizona.

2. Upon information and belief, Defendant MCIC is a business corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Onslow County, North Carolina.

3. Upon information and belief, Defendant Triangle is a North Carolina limited liability company. Upon information and belief, all members of Triangle are citizens of North Carolina.

4. Upon information and belief, Defendant Blackmon is a citizen and resident of Onslow County, North Carolina.

5.  Upon information and belief, Defendant Butler is a citizen and resident of Onslow County, North Carolina.

6.  Upon information and belief, First Citizens is a banking corporation incorporated and existing under the laws of the State of North Carolina with its principal place of business in North Carolina.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Plaintiff and the Defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees, and costs.

8.  Venue is proper in the United States District Court for the Eastern District of North Carolina, Southern Division, because at least one Defendant resides in this District and because the Property that is the subject of this action is located in this District.

## NATURE OF CLAIM

9.  This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, for the purpose of determining the rights and obligations, if any, of the parties arising from insurance contracts issued by Nautilus to MCIC, including specifically whether these policies are void.

10. An actual, present, and existing controversy exists among the parties to this lawsuit regarding the rights and obligations, if any, of the parties under the policies.

11. All conditions precedent to the filing of this action have been performed or have occurred.

12. By way of this Amended Complaint, Nautilus seeks a declaratory judgment that Nautilus was and is within its rights to rescind the policies due to material misrepresentations by MCIC on the applications for insurance submitted to Nautilus.

13. Nautilus's rescission is effective as to all entities and individuals claiming an interest in the Property and/or the policies, including all Defendants named in this action.

14. Additionally, even if the policies were not void *ab initio*, Defendants Triangle, Blackmon, and Butler, as strangers to the policies, could have no rights under the policies.

15. Moreover, even if the policies were not void *ab initio*, Defendant First Citizens could have no rights to any proceeds for the Florence Claim, because First Citizens had no interest in the Property on the date of the Florence Loss.

16. Nautilus reserves the right to further amend its Amended Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## THE APPLICATIONS AND SUBJECT POLICIES

17. On or about July 22, 2015, MCIC, through its agent The Insurance Center, submitted a "Commercial Insurance Application" (the "2015 Application") to Nautilus. A copy of the 2015 Application is attached hereto as **Exhibit "A."**

18. On or about July 7, 2016, MCIC, through its agent The Insurance Center, submitted a "Commercial Insurance Application" (the "2016 Application") to Nautilus. A copy of the 2016 Application is attached hereto as **Exhibit "B."**

19. On or about June 19, 2017, MCIC, through its agent The Insurance Center, submitted a "Commercial Insurance Application" (the "2017 Application") to Nautilus. A copy of the 2017 Application is attached hereto as **Exhibit "C."** (The 2015 Application, 2016 Application, and 2017 Application are referred to collectively herein as the "Applications.")

20. In the "Premises Information" section of the each of the Applications, MCIC represented, with respect to each of the seven (7) buildings at the Property, that its interest was that of an "Owner," as opposed to that of a "Tenant."

21. Nautilus issued Policy No. NN581331 for the period July 1, 2015 to July 1, 2016 ("15-16 Policy"), with MCIC as the Named Insured.[1] A copy of the 15-16 Policy is attached hereto as **Exhibit "D."**

22. Nautilus issued Policy No. NN693667 for the period July 1, 2016 to July 1, 2017 ("16-17 Policy"), with MCIC as the Named Insured. A copy of the 16-17 Policy is attached hereto as **Exhibit "E."**

23. Nautilus issued Policy No. NN831878 for the period July 1, 2017 to July 1, 2018 ("17-18 Policy"), with MCIC as the Named Insured. A copy of the 17-18 Policy is attached hereto as **Exhibit "F."**

24. Nautilus issued Policy No. NN950383 for the period July 1, 2018 to October 1, 2018 ("2018 Policy"), with MCIC as the Named Insured. A copy of the 2018 Policy is attached hereto as **Exhibit "G."** (The 15-16 Policy, 16-17 Policy, 17-18 Policy, and 2018 Policy are referred to collectively herein as the "Subject Policies.")

25. Nautilus issued the Subject Policies to MCIC based upon the Applications and in reliance upon the material representations therein.

26. As originally issued, the Subject Policies would have provided commercial property insurance, subject to certain terms, conditions, limitations, and exclusions, for seven (7) buildings located at 246 Wilmington Highway, Jacksonville, North Carolina (the "Property"), as

---

[1] The exact named insured on all the policies at issue is "Maurice G. Capps Investment Company Inc." However, representatives have testified and the North Carolina Secretary of State website indicates that the true legal name of the entity apparently intended to be listed on the policies is "Maurice Capps Investment Company."

well as certain business personal property. The Property was operated as a hotel known as the Triangle Motor Inn.

27. MCIC filed a claim ("Florence Claim") for damages to the Property allegedly suffered on or around September 13, 2018 during Hurricane Florence ("Florence Loss").

28. It has recently come to Nautilus's attention that, in addition to MCIC, several additional parties (the other Defendants named in this Amended Complaint) claim entitlement to proceeds under the 2018 Policy for the Florence Loss and/or some rights under the 2018 Policy, despite those additional parties being strangers to the 2018 Policy and/or having no interest in the Property on the date of the Florence Loss.

## ACTUAL OWNERSHIP OF THE PROPERTY AND CLAIMS OF STRANGERS TO THE POLICY

29. In issuing the Subject Policies, Nautilus relied upon MCIC's representations in the Applications that MCIC was the owner of the Property.

30. In fact, MCIC never owned the Property, but rather was merely a sub-lessee of the Property.

31. Nautilus had no knowledge that MCIC did not own the Property until after MCIC submitted the Florence Claim.

32. On the date of the inception of the 2018 Policy, the Property was actually owned by Blackmon and First Citizens as trustee for Butler.

33. On August 23, 2018, First Citizens executed a deed transferring its one-half interest in the Property to Butler individually.

34. First Citizens did not notify Nautilus of this change in ownership at any time before the Florence Loss. Additionally, no other person or entity advised Nautilus of this change in ownership at any time before the Florence Loss.

35. Thus, on the date of the Florence Loss, the Property was in fact owned by Defendants Blackmon and Butler, with each owning a one-half undivided interest in the Property.

36. After the Florence Loss, and after the expiration of the 2018 Policy, Blackmon and Butler conveyed the Property to Defendant Triangle. Upon information and belief, at the time of this filing, Triangle is the owner of the Property.

37. Upon information and belief, Butler, Blackmon, Blackmon Trust, and Triangle claim direct rights under the 2018 Policy and/or rights to any proceeds for the Florence Claim, despite the fact that these entities and individuals are strangers to the 2018 Policy.

38. Upon information and belief, Defendant First Citizens also claims direct rights under the 2018 Policy and/or rights to any proceeds for the Florence Claim.

39. First Citizens was listed on the 2018 Policy as a "Mortgage Holder" with respect to the Property. First Citizens was also listed under a Loss Payable Provisions Endorsement to the 2018 Policy with respect to "Business Personal Property" at the Property.

40. First Citizens never held a mortgage, deed of trust, or any similar security interest in the Property or business personal property at the Property.

41. Moreover, on the date of the Florence Loss, First Citizens had no interest in the Property or the business personal property at the Property.

**COUNT I – DECLARATORY JUDGMENT FOR RESCISSION (ALL DEFENDANTS)**

42. Nautilus adopts and incorporates by reference all the allegations contained in Paragraphs 1 through 41 as though fully set forth herein.

43. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Nautilus seeks a declaratory judgment that Nautilus was and is within its rights to rescind the Subject

Policies based upon MCIC's material misrepresentations in the Applications for the Subject Policies and that Nautilus thus does not have any obligations with respect to the Florence Claim. Such a declaration will confer certainty on the parties with respect to their rights and obligations under the Subject Policies, including whether the Subject Policies are void, and will therefore serve the interests of justice.

44. In the Applications, MCIC specifically represented that it was the "Owner" of the seven (7) buildings at the Property.

45. Nautilus relied upon and was influenced by these representations in the Applications in evaluating the risk of issuing the Subject Policies and fixing the rates of the premiums under the Subject Policies.

46. After MCIC's submission of the Florence Claim, Nautilus learned that MCIC was not in fact the owner of the Property.

47. At the time each of the Applications was submitted, MCIC did not own any of the seven (7) buildings at the Property.

48. MCIC did not own any of the buildings at the Property at any point during the policy periods of any of the Subject Policies.

49. In fact, MCIC was a sub-tenant of the Property at the time each of the Applications was submitted to Nautilus and at the time of the alleged damage to the Property.

50. If, at the time of each of the Applications including the continued use and carry over of the 2017 Application for the short-term 2018 Policy, Nautilus had known that MCIC did not own the Property, but rather was a sub-tenant of the Property, Nautilus would not have issued any of the Subject Policies.

51. Nautilus contends it is entitled to rescind the Subject Policies pursuant to applicable law.

52. Nautilus has notified MCIC by written letter that it has rescinded the Subject Policies, and Nautilus has refunded to MCIC the full gross premium for each of the Subject Policies and has paid MCIC statutory interest of eight percent (8%) annually for each refunded premium.

53. Nautilus's rescission of the Subject Policies renders them void *ab initio* and is effective as to any individuals or entities claiming rights under the Subject Policies, including all Defendants named in this action.

WHEREFORE, Plaintiff Nautilus prays that this Honorable Court:

(a) Enter a declaratory judgment declaring that Plaintiff, Nautilus, was entitled to rescind the 15-16 Policy, and thus that the 15-16 Policy is void *ab initio*;

(b) Enter a declaratory judgment declaring that Plaintiff, Nautilus, was entitled to rescind the 16-17 Policy, and thus that the 16-17 Policy is void *ab initio*;

(c) Enter a declaratory judgment declaring that Plaintiff, Nautilus, was entitled to rescind the 17-18 Policy, and thus that the 17-18 Policy is void *ab initio*;

(d) Enter a declaratory judgment declaring that Plaintiff, Nautilus, was entitled to rescind the 2018 Policy, and thus that the 2018 Policy is void *ab initio*;

(e) Enter a declaratory judgment declaring that because the 2018 Policy is void *ab initio*, no coverage exists for any damages Defendants sustained as a result of Hurricane Florence, and thus Plaintiff, Nautilus, owes no further payments to MCIC or any other Defendant;

- 9 -
PD.26570130.1  Case 7:19-cv-00047-H   Document 28   Filed 07/19/19   Page 9 of 14

(f) Enter a declaratory judgment declaring that Nautilus's rescission of the Subject Policies is effective as to all Defendants;

(g) Award Plaintiff, Nautilus, the costs of this action; and

(h) Award any other relief the Court deems just and proper.

## COUNT II – DECLARATORY JUDGMENT (DEFENDANTS TRIANGLE, BUTLER, BLACKMON, AND BLACKMON TRUST)

54. Nautilus adopts and incorporates by reference all the allegations contained in Paragraphs 1 through 53 as though fully set forth herein.

55. Nautilus has recently learned that Defendants Triangle, Butler Blackmon, and Butler Trust claim to have rights under the Subject Policies.

56. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Nautilus seeks a declaratory judgment that, even if the Subject Policies were not void *ab initio*, Triangle, Butler, Blackmon, and Blackmon Trust, as strangers to the insurance contracts, could have no rights under the Subject Policies.

57. Neither Triangle, nor Butler, nor Blackmon, nor Blackmon Trust was listed as a named insured under any of the Subject Policies.

58. Neither Triangle, nor Butler, nor Blackmon, nor Blackmon Trust is otherwise listed or named on any of the Subject Policies.

59. Nautilus was not aware, at the time of inception of any of the Subject Policies or on the date of loss, that Triangle, Butler, Blackmon, or Blackmon Trust had any interest in the Property.

60. Thus, neither Triangle, nor Blackmon, nor Butler could have been an intended beneficiary of any of the Subject Policies.

WHEREFORE, Plaintiff Nautilus prays that this Honorable Court:

(a) Enter a declaratory judgment declaring that, even if the Subject Policies were not void *ab initio*, Defendants Triangle, Butler, Blackmon, and Blackmon Trust were strangers to the Subject Policies and thus could have no rights under the Subject Policies;

(b) Enter a declaratory judgment declaring that, even if the Subject Policies were not void *ab initio*, Nautilus owes no payments to Defendants Triangle, Butler, Blackmon, or Blackmon Trust with respect to the Florence Claim;

(c) Award Plaintiff, Nautilus, the costs of this action; and

(d) Award any other relief the Court deems just and proper.

## COUNT III – DECLARATORY JUDGMENT (DEFENDANT FIRST CITIZENS)

61. Nautilus adopts and incorporates by reference all the allegations contained in Paragraphs 1 through 53 as though fully set forth herein.

62. Nautilus has recently learned the Defendant First Citizens claims to have rights under the 2018 Policy and/or entitlement to proceeds for the Florence Claim.

63. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Nautilus seeks a declaratory judgment that, even if the 2018 Policy was not void *ab initio*, First Citizens could have no entitlement to any proceeds from the Florence Claim.

64. As set forth above, at the time of inception of the 2018 Policy, First Citizens owned a one-half undivided interest in the Property as trustee for Butler. However, on August 23, 2018, before the Florence Loss, First Citizens deeded its interest in the Property to Butler individually.

65. First Citizens did not notify Nautilus of this transfer at any time before the Florence Loss. Additionally, no other person or entity advised Nautilus of this change in

ownership and interest at any time before the Florence Loss.

66. Thus, on the date of the Florence Loss, First Citizens had no interest in the Property.

67. At all relevant times, First Citizens had no interest in the business personal property at the Property.

68. First Citizens has confirmed, in writing, that First Citizens had no interest in the Property and/or the business personal property at the Property on the date of the Florence Loss.

69. Even if the 2018 Policy was not void, First Citizens has no rights with respect to any proceeds of the Florence Claim, because at the time of the Florence Loss First Citizens had no interest whatsoever in the Property and/or the business personal property at the Property.

WHEREFORE, Plaintiff Nautilus prays that this Honorable Court:

(e) Enter a declaratory judgment declaring that, even if the 2018 Policy was not void *ab initio*, Defendant First Citizens had no interest in the Property or business personal property at the time of the Florence Loss and thus could have no entitlement to any proceeds of the Florence Claim;

(f) Award Plaintiff, Nautilus, the costs of this action; and

(g) Award any other relief the Court deems just and proper.

- 12 -
PD.26570130.1     Case 7:19-cv-00047-H   Document 28   Filed 07/19/19   Page 12 of 14

Respectfully submitted this the 19th day of July, 2019.

s/ Kevin M. O'Brien
Kevin M. O'Brien
N.C. State Bar No. 44626
Anna Pulliam Cathcart
N.C. State Bar No. 49691
PHELPS DUNBAR, LLP
4140 ParkLake Avenue, Suite 100
Raleigh, North Carolina 27612
kevin.obrien@phelps.com
anna.cathcart@phelps.com
Phone: (919) 789-5300
Fax: (919) 789-5301

**Certificate of Service**

The undersigned certifies that on July 19, 2019, the document to which this Certificate is affixed was filed with the Clerk of Court using the Court's CM/ECF system, which allows for automatic electronic service on the following counsel of record.

    Gary H. Clemmons
    Chesnutt & Clemmons
    225-C Broad Street
    New Bern, NC 28560
    *Attorneys for Defendant Maurice Capps Investment Company*

    Amy Holbrook Wooten
    Daniel Strong
    Kristi Lyn Gavalier
    Brown Law LLP
    555 Fayetteville Street
    Suite 420
    Raleigh, NC 27601
    *Attorneys for William S. Willis and Lancaster McAden, Willis Smith Company and The Insurance Center*

    PHELPS DUNBAR LLP

    /s/ Kevin M. O'Brien
    Kevin M. O'Brien, NC Bar # 43373
    kevin.obrien@phelps.com
    Anna Pulliam Cathcart, NC Bar #49691
    anna.cathcart@phelps.com
    Phelps Dunbar LLP
    GlenLake One
    4140 ParkLake Avenue, Suite 100
    Raleigh, North Carolina 27612-3723
    Telephone: 919-789-5300
    Facsimile: 919-789-5301
    *Attorneys for Nautilus Insurance Company*